IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SIERRA HEALTH & LIFE INSURANCE COMPANY, INC., | ) ) | CIV. S-04-1506 GEB PAN |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| MARIE JOHNSTON; JAMES ANTHONY HOLLINS; and DOES 1-25, inclusive, | ) ) ) | ORDER[*] |
| Defendants. | ) ) ) | |

Plaintiff Sierra Health and Life Insurance Co. ("Sierra") filed a complaint in interpleader and for declaratory relief. Sierra now moves for an order requiring interpleader; for dismissal from this action and discharge from further liability regarding its rights and obligations on behalf of its insured, Jarita Hollins; and for an award of attorney's fees and costs. Defendant James Anthony Hollins did not file an opposition to Sierra's motion,[1] and Defendant Marie Johnston only opposed the portion of Sierra's motion that seeks attorney's

---

[*] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

[1] This failure violated Local Rule 78-230(c) which prescribes: "A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question."

1

fees.

Federal Rule of Civil Procedure 22 authorizes an interpleader plaintiff to join defendants and require them to interplead their claims to the interpleaded fund "when their claims are such that the plaintiff is or may be exposed to double or multiple liability." Fed. R. Civ. P. 22(a). Since no party opposes this aspect of Sierra's motion, it will be granted.

Defendant Hollins moves for summary judgment, in which he seeks an order disbursing to him the $12,000 which is the remaining proceeds from Jarita Hollins's life insurance policy. Sierra filed a non-opposition to Defendant Hollins's motion, and Defendant Marie Johnston failed to respond to Defendant Hollins's motion.

At the time of Jarita Hollins's death in 1999, she had a life insurance policy with Sierra that provided $24,000 in coverage payable after her death. (Def. Hollins's Separate Statement of Undisputed Facts ("SUF") at ¶ 3.) Since Ms. Hollins died without a named beneficiary, or a spouse or child, the policy provides that the proceeds are to be divided equally among any surviving parents. (SUF ¶¶ 4-6.) Defendant Hollins declares that he is the father of Jarita Hollins (SUF ¶ 7), and that since Sierra has already paid Defendant Johnston $12,000 from the proceeds of the policy, he is entitled to be paid the remaining $12,000. (SUF ¶¶ 7,9.)

Since there is no genuine issue of material fact regarding Defendant Hollins's entitlement to the remaining proceeds, his motion for summary judgment is granted. Sierra is ordered to pay Defendant Hollins the remaining amount of the policy ($12,000), minus its attorney's fees. Because Sierra and Defendant Hollins filed a stipulation in which they agreed that $1,500 is to be paid to Sierra

2

for its attorney's fees, this amount shall be deducted from the remaining policy proceeds amount of $12,000.  Therefore, Sierra is ordered to pay $10,500 to Defendant Hollins.

Since Defendant Johnston received her share of the policy proceeds prior to the commencement of this action and is not entitled to any portion of the funds at issue, Sierra's motion for attorney's fees from Defendant Johnston is denied.

Sierra is dismissed from the action and is discharged from all further liability regarding the rights and obligations under Jarita Hollins's life insurance policy.  Summary judgment is entered in favor of Defendant Hollins.  The Clerk of the Court is ordered to close this action.

IT IS SO ORDERED.

Dated:  June 16, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge